### STATE et al. v. MORRIS, Inc.

### No. 10196.

Court of Civil Appeals of Texas.

Austin.

Jan. 27, 1954.

Rehearing Denied Feb. 17, 1954.

John Ben Shepperd, Atty. Gen., Sam Lane, Asst. Atty. Gen., C. H. Messer, Austin, for Texas Employment Commission.

Corenbleth, Thuss & Jaffe, Dallas, for appellee.

ARCHER, Chief Justice.

This suit was filed by the State to recover taxes under the provisions of Title 83, Chapter 14, V.A.C.S., as amended, from the appellees as employers.

The only question before us is that involving wages paid to four individuals who are officers in the corporations.

Appellants contend contributions should have been paid by each employing unit, such payments being based upon the amount of wages allocated to each unit.

Appellee takes the position that the four individuals are employed only by the partnership.

The facts in the case are undisputed. The appellants introduced their pleadings and rested. Appellee offered testimony by the assistant comptroller of Morris Stores, a partnership composed of Morris Cohen, his wife, and Ben Cohen, which owned and operated Morris Stores at 1201 Patterson, Dallas, Texas, who testified that the partnership was the buying, warehousing and distributing point for all retail stores involved in this case, and the central accounting section, and at the Patterson Street location all executives, buyers, clerical and stenographic personnel were stationed; that the partnership had no retail stores; and that the salaries of the four individuals concerned were paid by the partnership.

Morris and Ben Cohen operate two retial stores; Morris, Inc. operates a store. The Morris Stores, Inc. No. 4 operates a store, and Morris Stores, Inc. No. 5 operates a retail store, all in Dallas.

The partnership buys and receives all merchandise for all of the stores and distributes such goods to the several stores. Accounts payable for merchandise are paid by the partnership as well as expenses and salaries for all employees in the partnership.

The individual retail stores pay their own expenses, including rent, salaries, etc.

On December 30, 1950, the said four persons made an agreement, ratified by the Directors of the corporations, to the effect that the general offices should pay all bills, all salaries to employees at the general offices and warehouse, including executive salaries, etc., and to allocate to the five stores the total expenses for the general offices, computed on a percentage based on the sales of such stores. Salaries of the four persons whose compensation is involved were fixed at a scale of from $550 per week to $300 per week.

The percentage paid by the stores varied depending on sales. Each of the retail stores had its own manager and employees which each store paid. These are four officers of the corporation. The salaries of all are included in the partnership reports to the Commission.

The prime issue at point is the claim by the Commission as to the allocation of officers' salaries. In the partnership return

to the Commission the tax was paid on the first $3,000 on all of its employees. The appellants claim that the amount paid by each of the five stores as allocated should be taxed up to $3,000; in this manner the partnership would pay on $3,000 and each of the stores would pay on the amount allocated but not over $3,000 on each of the four persons.

The court rendered judgment for appellee. No findings of fact were requested or made.

The court heard the testimony and the pleadings and resolved the facts in favor of appellees and we believe the evidence reasonably supports the trial court's conclusions. Tex.Jur. Vol. 3–B, § 941.

It appears that Morris Stores, a partnership, was an employing unit and made its reports to the Commission, and paid taxes on all of its employees including the four officers who worked for the partnership.

The Commission recognizes each of the four employing units involved in the case as a separate employing unit.

The salaries of the four officers were paid by the partnership. The officers gave their time to the partnership.

The total salaries of the officers and employees and other expenses were allocated to the several stores on a percentage basis, according to the sales of such stores.

The partnership was a wholesale business and the trial court held as a fact the partnership employed the officers and personnel and that the retail stores did not have control over the said individuals by its judgment.

As we view it each employing unit stands on its own basis as such. The partnership was an employing unit and these four persons were its employees.

Subsection 17(f)(1), Article 5221b, V.A. C.S.

The judgment of the trial court is affirmed.